IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE MORALEZ, | § | |
| | § | |
|     *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0896 |
| | § | |
| RICK THALER, | § | |
| | § | |
|     *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Eddie Moralez, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his conviction for aggravated assault. Respondent filed a motion for summary judgment (Docket Entry No. 16). Petitioner subsequently filed a letter with the Court, attaching copies of various exhibits claiming his innocence. (Docket Entry No. 17.) The Court construes the letter as a response to the motion for summary judgment.

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case for the reasons shown below.

### *Procedural Background and Claims*

The record shows that petitioner was charged with assaulting his live-in girlfriend with a knife.[1] Petitioner reports that, although his girlfriend subsequently recanted her

---

[1] They were married shortly after the incident. (Docket Entry No. 17, p. 11.)

allegations supporting the charge and blamed the incident on herself, the State pursued the case. Petitioner pleaded guilty to the aggravated assault charge and was sentenced to eight years incarceration in April of 2007. No appeal was taken, and the Texas Court of Criminal Appeals denied petitioner's application for state habeas relief without a written order on the findings of the trial court. *Ex Parte Moralez*, WR-70,041-02, at cover.

Petitioner raises the following grounds for federal habeas relief:

1. Petitioner's guilty plea was involuntary because

    a. he was not informed that a deadly weapon finding would affect his parole eligibility and length of sentence;

    b. the State threatened to enhance his sentence; and

    c. trial counsel failed to investigate or present an "actual innocence" defense.

2. Trial counsel was ineffective in

    a. failing to show that petitioner's girlfriend was the actual aggressor;

    b. failing to investigate and show that the girlfriend used the deadly weapon;

    c. failing to investigate the case properly, thereby denying petitioner an opportunity to proceed to trial;

    d. failing to object to the deadly weapon finding;

    e. failing to explain petitioner's right of allocution; and

    f. denying petitioner a fair trial based on these cumulative errors.

    3.      The state habeas court abused its discretion in ignoring petitioner's evidence of actual innocence.

    4.      The trial court abused its discretion in

        a.    failing to admonish petitioner of the full range of punishment;

        b.    entering the deadly weapon finding; and

        c.    failing to allow a jury to determine the deadly weapon issue.

Respondent argues that these claims are procedurally defaulted and/or without merit and should be denied.

### *The Applicable Legal Standards*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication of the claim was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *Miller-El*, 537 U.S. at 330-31; 28 U.S.C. § 2254(e)(1).

### *Non-Cognizable Habeas Claim*

Petitioner complains that the state habeas court abused its discretion in "ignoring" his evidence of actual innocence. He asserts that the state habeas court should have relied on the girlfriend's recantation and set aside his guilty plea. This assertion fails to present a cognizable federal habeas claim, as "infirmities in state habeas proceedings do not constitute

grounds for federal habeas relief." *Henderson v. Cockrell*, 333 F.3d 592, 606 (5th Cir. 2003). Respondent is entitled to summary judgment dismissing this issue.

### *Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. A federal habeas petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of such deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id*. at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

A petitioner challenging his conviction pursuant to a guilty plea must adhere to the *Strickland* two-prong test. *Hill v. Lockhart*, 474 U.S. 52 (1985). Therefore, a petitioner seeking relief on the ground of ineffective assistance of trial counsel in the context of a guilty plea must show that trial counsel's performance fell below an objective standard of reasonableness, and that petitioner was prejudiced by the deficient performance. *Id*. at 57. In applying this analysis, the court must look to whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id*. at 59. In other words, whether petitioner was prejudiced by counsel's ineffectiveness hinges on whether "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.

Petitioner argues, under three substantially identical habeas grounds, that defense counsel failed to promote his innocence through use of his girlfriend's affidavit recanting her statements to the police; that he failed to show the State that it was his girlfriend who used the knife; and that defense counsel failed to investigate the case properly to establish his innocence.

Petitioner claims that he is innocent of the aggravated assault charges because, several weeks after the incident, his girlfriend signed an affidavit stating that they both had been intoxicated the night of the incident, that she was the one who provoked the fight, and that she accidentally scratched herself with a steak knife. Petitioner asserts that trial counsel was deficient in failing to pursue or acknowledge the fact that the girlfriend was at fault.

Defense counsel submitted an affidavit to the state habeas court, in which he testified as follows:

> I advised Mr. Moralez that the Pasadena Police Department had been dispatched to [his apartment] on an aggravated assault call from [de Gomez, his girlfriend]. I advised Mr. Moralez that when the police arrived, [de Gomez] told them that her boyfriend, Eddie Moralez had been drinking heavily and had become progressively verbally abusive throughout the night. That [de Gomez] had asked Eddie to go to sleep so as to avoid any violence. She went on to tell the police that Eddie became more angry and yelling at her. That [she] told the police that Eddie reached under the bed and retrieved a knife and a baseball bat, and Eddie stated that he was going to kill her. That [she] told the police that Eddie next attacked her with the knife. That [she] stated she sustained a small laceration on her right arm and shoulder. [The girlfriend] then stated that Eddie tried to hit her with the baseball bat and that she may have been hit on the back of the head. [She] stated that she was able to take the baseball bat away from Eddie and that she managed to strike at him several

7

times. [She] told the police that Eddie stopped attacking her and ran from the apartment.

I advised Mr. Moralez that the police report seemed to indicate that when the police arrived to the apartment, they observed a black kitchen knife handle (without a blade) located on the floor to the east of the bed, and that they had located the blade underneath the bed. That police also found an aluminum baseball bat underneath the bed. That the police had found some clothing near the bed that had some blood on them, and that they saw a small laceration on [de Gomez's] upper right arm and shoulder area. I further advised Mr. Moralez that the police had learned from the girlfriend that she had allowed Eddie to visit in an attempt to reconcile and that there was a pending Protective order.

On the morning that I was appointed on his case, I also investigated Mr. Moralez' criminal history which included four DWI convictions, two DWLS convictions, 2 assault convictions, and most importantly a pending 5 year Deferred Adjudication for Aggravated Assault.

I consulted with Mr. Moralez about his criminal history, in particular about the 5 year Deferred Adjudication probation he was on. I discovered that on November 1, 2006, Mr. Moralez had plead guilty to an aggravated assault that had occurred on September 30, 2006, and that the complaining witness/victim in that case had also been [his girlfriend, de Gomez]. I discovered that the Deferred Adjudication was in case #1086903, pending in the 174th District Court of Harris County, Texas.

\* \* \* \*

I received a fax from [de Gomez] on February 21, 2007, which included a handwritten fax transmittal letter and [her affidavit]. The fax transmittal letter stated that [she] had faxed a copy of her affidavit to the District Attorney. The assistant District Attorney that was in charge of prosecuting Mr. Moralez' two cases was provided a copy of [the affidavit]. On Mr. Moralez' March 16, 2007 court setting I discussed this case and the contents of [de Gomez's affidavit] with the prosecutors of the 174th District Court. I argued that the affidavit seemed to indicate that [the girlfriend] had provoked a fight with Eddie on the date in question, that Eddie had never touched her, and that she scratched herself with the knife. I also advised the prosecutors that [de Gomez] was

8

> saying that she had hit Eddie with the baseball bat. I argued that the State of Texas should dismiss Eddie's new aggravated assault because the State of Texas had an uncooperative witness that was giving a recanting affidavit. The State of Texas countered that it was not unusual for a female complaining witness to give [a] recanting affidavit if she has been [a] prior victim of family violence. The State of Texas advised that they would not dismiss the new Aggravated assault case[.] I advised Mr. Moralez of all these developments on said court setting of March 16, 2007.

*Ex parte Moralez*, pp. 31-32. Petitioner subsequently pleaded guilty to the aggravated assault charge.

In denying habeas relief on this issue, the state court relied on and expressly found as true the affidavit submitted by trial counsel, and made the following relevant findings of fact:

> 2. According to the credible affidavit of [defense counsel], the affidavit Applicant alleges was not presented to the State, in fact, was presented and discussed.
>
> 3. According to the credible affidavit of [defense counsel], Counsel approached the State about dismissing the case based on the recanting affidavit, and the State refused, indicating that it would proceed on the pending motion to adjudicate first, and would call the complaining witness to testify, whether she was cooperative or not.
>
> 4. Applicant fails to show that Counsel did not make the State aware of the contested affidavit.
>
> 5. According to the credible affidavit of [defense counsel], Counsel did sufficient investigation into Applicant's case.
>
> 6. Applicant fails to show that Counsel's investigation fell below an objective standard of reasonableness, or that but for counsel's alleged lack of investigation a reasonable probability exists that the result of the proceeding would have been different.

9

*Ex parte Moralez*, p. 34. The trial court concluded that petitioner received representation sufficient to protect his right to reasonably effective assistance of counsel. *Id*., p. 35. The Texas Court of Appeals expressly relied on the trial court's findings in denying habeas relief.

In his response to the motion for summary judgment, petitioner does not challenge the state court's findings, but rather, argues that, "My wife made a huge mistake lying to the police dept. and the State of Texas picked up false charges, that I am currently incarcerated, serving an 8 year agg. assault charge that I did not commit and [am] innocent of." (Docket Entry No. 17, p. 1.) Petitioner further attaches a purported affidavit of his mother, dated December 29, 2008, a letter allegedly written by de Gomez dated July 1, 2007, and a second letter allegedly written by de Gomez, dated November 6, 2008, all avowing that the incident had been de Gomez's fault. *Id*., pp. 4, 10-13. These documents did not exist as of the date of petitioner's guilty plea of April 5, 2007, and can form no basis at this juncture for petitioner's complaint that they were not presented to the prosecutor or trial court.

The record clearly shows that defense counsel pursued the issue of de Gomez's recantation with the prosecution, but that the prosecution declined to dismiss the criminal charges. No probative summary judgment evidence supports petitioner's claim that defense counsel ignored de Gomez's affidavit of February 20, 2007. Nor does petitioner present any probative summary judgment evidence of any particular investigation defense counsel failed to undertake, or any particular witness he failed to investigate, what such investigation or witness would have shown, and that, but for counsel's failure to pursue such particular

10

investigation or witness, petitioner would have elected to proceed to trial in lieu of pleading guilty. To any degree petitioner is asserting that counsel failed to investigate or present the exonerating affidavit of de Gomez, the record is clear that counsel was aware of the affidavit and discussed it with the State, but that the State declined to dismiss the charges.

Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on petitioner's claims of ineffective assistance of counsel.

*Procedurally Defaulted Claims*

Respondent argues that petitioner's habeas Grounds 1(a)-(c), 2(d)-(f), and 4(a)-(c) were not presented to the state courts, are unexhausted, and are now procedurally barred from this Court's consideration.

A review of petitioner's state habeas application shows that he raised the following grounds for relief: actual innocence based on his girlfriend's exonerating evidence; failure of trial counsel to present the girlfriend's exonerating evidence; failure of counsel to investigate the case; failure of counsel to assist petitioner in filing an appeal; and failure of counsel to provide petitioner proper advice regarding his plea. *Ex parte Moralez*, WR-70,041-02, pp. 7-11. Petitioner did not present to the state habeas courts his other claims raised in the instant petition, and they are procedurally defaulted. *See Coleman v. Thompson*,

501 U.S. 722, 729-30 (1991); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). *See also* TEX. CODE CRIM. P. art. 11.07 § 4.

Federal habeas relief will not be granted on a procedurally defaulted claim unless the petitioner can demonstrate both good cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice in that he is actually innocent of the offense. Petitioner satisfies none of these requirements, particularly in light of his guilty plea, and the Court is barred from consideration of his argument. *See Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997).

Although petitioner raises an independent claim for actual innocence in the instant petition, it affords him no basis for relief either on the merits or from his procedural default. In denying petitioner's claim of actual innocence, the trial court made the following relevant findings:

16. Claims of actual innocence must be supported by newly discovered evidence.

17. Newly discovered evidence refers to evidence that was not known to the applicant at the time of trial and could not be known to him even with the exercise of due diligence. He cannot rely upon evidence or facts that were available at the time of his trial, plea, or post-trial motions, such as a motion for new trial.

18. The only evidence Applicant provides to support his claim of actual innocence is an affidavit from Applicant's wife, which was known to all parties at the time of Applicant's guilty plea, and is therefore not newly discovered.

> 19. Applicant fails to present any newly discovered evidence to support a claim of actual innocence.
>
> 20. Applicant fails to show that he is actually innocent, either by clear and convincing evidence or that in light of new evidence, a constitutional error 'probably' resulted in a conviction of one who was actually innocent.

*Ex parte Moralez*, p. 35 (citations and internal quotation marks omitted). The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief. Neither the record nor petitioner rebuts the presumed correctness of the trial court's findings by clear and convincing evidence. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of federal law or was an unreasonable determination of the facts based on the evidence in the record.

Regardless, a claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. *Herrera*, 506 U.S. at 400. There also must be evidence of an independent federal constitutional violation in the state criminal proceeding. *Dowthitt*, 230 F.3d at 741. A petitioner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of all of the evidence, including that alleged to have been illegally admitted and evidence claimed to have been wrongly excluded or to have become available only after trial. *Schlup*, 513 U.S. at 321.

In *Schlup*, the Supreme Court recognized the distinction between habeas petitioners who assert that their actual innocence in itself presents a violation of their constitutional rights (as in *Herrera*) and habeas petitioners who assert that their actual innocence acts as a catalyst to bring them within that narrow class of cases in which the refusal of the court to hear their underlying constitutional claims will result in a fundamental miscarriage of justice. 513 U.S. at 314-15. Actual innocence in this second type of petition is not itself a basis for federal habeas relief; it is, however, "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id*. at 315. To the extent petitioner claims actual innocence based on the constitutional errors raised in his petition, this Court has found no errors of constitutional dimension. *See Fahle v. Cornyn*, 231 F.3d 193, 196-97 (5th Cir. 2000).

Respondent is entitled to summary judgment on petitioner's procedurally- defaulted claims.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 16) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED as moot.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on January 7, 2010.

_____
Gray H. Miller
United States District Judge